CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 10 2008

JOHN F. CORCORAN, CLERK
BY: S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT P. NEAL,<br>Plaintiff, | Civil Action No. 7:08-cv-00517 |
| v. | MEMORANDUM OPINION |
| ALLEGHANY CIRCUIT COURT,<br>et. al.,<br>Defendants. | By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Robert P. Neal, Sr., a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Neal alleges that his term of confinement has been inaccurately calculated because he has not been credited for all the time he has served and that he should not have probation to serve. Neal seeks monetary damages or dismissal of his sentence and immediate release. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I. Background

Neal alleges the following grounds for relief:

1.  The Alleghany Sheriff's Department failed to report to the Virginia Department of Corrections Courts and Legal Department ("Courts and Legal") that Neal should have received jail time sentence credit from September 22 to October 13, 2006.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

2. The Alleghany Circuit Court placed Neal on probation for a charge, although the plea agreement did not include any agreement to a term of probation.

3. Ralph Jackson, Neal's defense counsel, failed to ensure that he received proper jail credit.

## II. Discussion

In essence, Neal sues Jackson and the sheriff's department for failing to provide accurate and complete information to Courts and Legal so that the jail time he has served toward sentences he received in March 2006 could be properly calculated; he sues the circuit court for improperly imposing probation. These claims are not currently cognizable under § 1983.

When inmates seek "to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody," they must do so in habeas proceedings. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). In Wilkinson, the United States Supreme Court reaffirmed its holding in Heck v. Humphrey, 512 U.S. 477, 481 (1994), which requires that before an inmate can sue for monetary damages, he must first achieve a favorable termination to his claim that his conviction or term of confinement was invalid. Id. at 82.

Neal's own allegations indicate that he has not yet achieved a favorable termination to his claims that his term of confinement or his probation sentence are invalid. While he has addressed his claim to the Courts and Legal Department, he does not indicate that he has pursued any court action seeking to have the good conduct time calculation corrected or the probation discontinued as improper. Therefore, any claims he has against anyone whose actions allegedly contributed to the invalid term of confinement are not yet actionable, as such claims are precluded under the principles set forth in Heck and Wilkinson. Accordingly, the court finds that plaintiff's complaint must be

2

dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 10th day of October, 2008.

*[signature]*
United States District Judge

3

Case 7:08-cv-00517-GEC-mfu   Document 3   Filed 10/10/08   Page 3 of 3   Pageid#: 28